# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In RE:

Rollie J. Finke,
Rose M. Finke,                                            Case No. 08-61126
           Debtor(s).                     Chapter 7 Case

Rollie J. Finke,
           Plaintiff,                       Adversary No.: 09-06011

v.

United States Department of Education,
           Defendant.

## APPLICATION FOR DEFAULT JUDGMENT

Logan Moore, Attorney for Plaintiff, hereby applies for a default judgment to be entered against United States Department of Education (hereinafter referred to as "Defendant") on the following grounds:

1. Plaintiff filed the above-named Complaint on February 24, 2009, ( "Complaint") under Bankruptcy Rules 4007 and 7001(6), and 11 U.S.C. Section 523(a)(8).

2. A Summons was issued on February 24, 2009, by the United States Bankruptcy Court, District of Minnesota, directing the Defendant to serve an answer to the Complaint within thirty (30) days, and to file said answer with the United States Bankruptcy Court pursuant to the Bankruptcy Rules.

3. Plaintiff mailed said Complaint and Summons to the Defendant on February 25, 2009. The Defendant United States Department of Education accepted service through certified mail on March 10, 2009.

4. An answer to the Complaint was due by March 26, 2009. FED. R. BANKR. P. 7012(a).

5. As of the date of this application, the Defendant has not filed an answer to the Complaint. See Affidavit of Default.

1

6. The Plaintiff makes the following allegations in the Complaint:

   a. On November 7, 2008, a voluntary petition for relief under chapter 7 of title 11, United States Code, was filed by the plaintiff, and a meeting of creditors was held on December 29, 2008.

   b. The Defendant, United States Department of Education is a creditor of the plaintiff. To best of his knowledge Mr. Rollie Finke is indebted to the United States Department of Education in the amount of $109,289.14 which includes interest and fees.

   c. Mr. Rollie Finke obtained a bachelor's degree in Social Studies from Mankato State University in 1991. He also completed course work for a master's degree from Mankato State University, but discontinued his studies 1996. Mr. Finke's studies where to allow him to pursue a career as an educator. Mr. Finke is currently employed by District 206 located in and around Alexandria, Minnesota. Mr. Finke conducts adult education courses for District 206 which is a part time position. Mr. Finke also works part time for the post office as the relief post master. His average net income from both employers is $1,730.47 a month. Mr. Finke is 44 years old.

   d. The debtor's spouse and co-debtor is currently employed as a mental health worker through Mentor Network. Her average net income is $1,186.42 a month. Ms. Finke is 57 years old. Ms. Finke has approximately $59,907.89 in outstanding student loan debt.

   e. According to Schedule J, the plaintiffs' reasonable monthly expenses total $2,863.32 a month leaving an excess of $53.57 a month. The Finkes do not foresee any increase in their income, and do not foresee a reduction in their expenses.

   f. The Finkes do not own any real property and their combined retirement accounts total less than $2,000.00. Their newest vehicle is nine years old and they possess minimal personal property. They do not foresee obtaining more lucrative employment.

   g. According to the William D. Ford income contingent repayment plan, the plaintiffs' combined minium payment would be $374.97 per month. According to the plaintiffs' income and expense schedules filed with the Court, the plaintiffs have only $53.57 after expenses on average. The plaintiffs list vehicle expenses of $800.00 per month, but that expense is accurate given the maintenance costs of the older vehicles and the fact that they live in Kensington, Minnesota. Mr. Finke must commute to Alexandria and/or Glenwood Minnesota daily. Ms. Finke must commute to either Elbow

Lake or Starbuck, Minnesota and many times between Elbow Lake and Starbuck before returning home to Kensington. Given the location of their jobs, there is not a more central location for the Finkes to reside, and rental costs would be more in the four communities in which they work if they relocated to one of them.

    h.    The plaintiff does not foresee a time when he will have disposable income to begin to meanfully satisfy his student loan obligations.

7.    This Application for Default Judgment requests that the Bankruptcy Court impose the following findings (see also Affidavit on the Merits):

(1)    Determining the said debts to be dischargeable;

(2)    That this Court make such orders as are necessary to protect or effectuate such determination; and that Plaintiffs pray for other and further relief as is just and necessary.

    Velde Moore, Ltd.

Dated: March 27, 2009.

/e/ Logan Moore
Logan Moore, Attorney for Plaintiff
1118 Broadway
Alexandria, MN 56308
Atty. Reg. No. 312083
(320) 763-6561

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In RE:

Rollie J. Finke,
Rose M. Finke,
    Debtor(s).

Case No. 08-61126
Chapter 7 Case

Rollie J. Finke,
    Plaintiff,
v.

Adversary No.: 09-06011

United States Department of Education,
    Defendant.

### AFFIDAVIT OF DEFAULT

I, Logan Moore, being duly sworn under oath, state that:

1. I am employed as an attorney for the Plaintiff.

2. I am the attorney of record in the above entitled adversary proceeding.

3. I have not been served with an answer by the Defendant.

4. No answer was filed with the Bankruptcy Court within the time prescribed by the Bankruptcy Rules. The undersigned or my agent contacted the Office of the Clerk of Court of Fergus Falls, Minnesota to determine if an answer had been filed, but not updated on the computerized docket report. No answer was known to have been filed in this case.

5. The Defendant has received service of the complaint pursuant to Bankruptcy Rule 7004.

This concludes my Affidavit.
Dated: 3/27/09

_____
Logan Moore
Attorney for Plaintiff

Subscribed and sworn to before me this 27th day of March, 2009.

_____
Colleen M. Ouimet

COLLEEN MARY OUIMET
NOTARY PUBLIC - MINNESOTA
My Comm. Exp. Jan. 31, 2010

W:\2008\08-313\Rollie v USDeptofEd\Default Documents.wpd      4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In RE:

Rollie J. Finke,
Rose M. Finke,
    Debtor(s).

Case No. 08-61126
Chapter 7 Case

Rollie J. Finke,
    Plaintiff,
v.

Adversary No.: 09-06011

United States Department of Education,
    Defendant.

### AFFIDAVIT OF IDENTIFICATION

I, Logan Moore, being duly sworn under oath, state that:

1. I am employed as an attorney for the Plaintiff.
2. I am the attorney of record in the above entitled adversary proceeding.
3. The name of the Defendant is U.S. Department of Education, and the Defendant's U.S. Postal service mailing address as indicated on the official website for the Defendant, is U.S. Department of Education, 400 Maryland Avenue, SW, Washington, D.C. 20202.
4. Upon information and belief, the Defendant is not an infant and is not employed by a military organization.
5. Based on the foregoing, the Plaintiff is of the belief that the Defendant is competent.

Dated: 3/27/09

Logan Moore, Attorney for Plaintiff
1118 Broadway
Alexandria, MN 56308
Atty. Reg. No. 312083
(320) 763-6561

Subscribed and sworn to before me this 27th day of March, 2009.

_Colleen M. Ouimet_
Notary Public

COLLEEN MARY OUIMET
NOTARY PUBLIC - MINNESOTA
My Comm. Exp. Jan. 31, 2010

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In RE:

Rollie J. Finke,
Rose M. Finke,
      Debtor(s).

Case No. 08-61126
Chapter 7 Case

Rollie J. Finke,
      Plaintiff,

v.

United States Department of Education,
      Defendant.

Adversary No.: 09-06011

## AFFIDAVIT ON MERITS AND AMOUNT DUE

I, Logan Moore, being duly sworn under oath, state that:

1. I am employed as an attorney for the Plaintiff.

2. I am the attorney of record in the above entitled adversary proceeding.

3. The complaint seeks a judgment in Plaintiff's favor determining as follows:

    a. That the debts, as identified in Plaintiff's Complaint, are dischargeable;

    b. That this Court make such orders as are necessary to protect or effectuate such determination;

    c. For other and further relief as is just and necessary.

4. The relief requested by the Plaintiff is based on the following allegations:

    a. On November 7, 2008, a voluntary petition for relief under chapter 7 of title 11, United States Code, was filed by the plaintiff, and a meeting of creditors was held on Demember 29, 2008.

    b. The Defendant, United States Department of Education is a creditor of the plaintiff. To best of his knowledge Mr. Rollie Finke is indebted to the United States Department of Education in the amount of $109,289.14 which includes interest and fees.

c. Mr. Rollie Finke obtained a bachelor's degree in Social Studies from Mankato State University in 1991. He also completed course work for a master's degree from Mankato State University, but discontinued his studies 1996. Mr. Finke's studies where to allow him to pursue a career as an educator. Mr. Finke is currently employed by District 206 located in and around Alexandria, Minnesota. Mr. Finke conducts adult education courses for District 206 which is a part time position. Mr. Finke also works part time for the post office as the relief post master. His average net income from both employers is $1,730.47 a month. Mr. Finke is 44 years old.

d. The debtor's spouse and co-debtor is currently employed as a mental health worker through Mentor Network. Her average net income is $1,186.42 a month. Ms. Finke is 57 years old. Ms. Finke has approximately $59,907.89 in outstanding student loan debt.

e. According to Schedule J, the plaintiffs' reasonable monthly expenses total $2,863.32 a month leaving an excess of $53.57 a month. The Finkes do not foresee any increase in their income, and do not foresee a reduction in their expenses.

f. The Finkes do not own any real property and their combined retirement accounts total less than $2,000.00. Their newest vehicle is nine years old and they possess minimal personal property. They do not foresee obtaining more lucrative employment.

g. According to the William D. Ford income contingent repayment plan, the plaintiffs' combined minium payment would be $374.97 per month. According to the plaintiffs' income and expense schedules filed with the Court, the plaintiffs have only $53.57 after expenses on average. The plaintiffs list vehicle expenses of $800.00 per month, but that expense is accurate given the maintenance costs of the older vehicles and the fact that they live in Kensington, Minnesota. Mr. Finke must commute to Alexandria and/or Glenwood Minnesota daily. Ms. Finke must commute to either Elbow Lake or Starbuck, Minnesota and many times between Elbow Lake and Starbuck before returning home to Kensington. Given the location of their jobs, there is not a more central location for the Finkes to reside, and rental costs would be more in the four communities in which they work if they relocated to one of them.

h. The plaintiff does not foresee a time when he will have disposable income to begin to meanfully satisfy his student loan obligations.

Dated: March 27, 2009.

_____
Logan Moore
Attorney for Plaintiff

Subscribed and sworn to before me this 27th day of March, 2009.

_____
Colleen M. Ouenet
Notary Public

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In RE:

Rollie J. Finke,
Rose M. Finke,                                Case No. 08-61126
        Debtor(s).                Chapter 7 Case

Rollie J. Finke,

        Plaintiff,                  Adversary No.: 09-06011

v.

United States Department of Education,
        Defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND
## ORDER FOR JUDGMENT

    At Fergus Falls, Minnesota on this _____ day of _____, 2009, the Application for Default Judgment, which was supported by an Affidavit of Default, an Affidavit of Identification, and an Affidavit on the Merits as required by Local Bankruptcy Rule 7055-1 came before the undersigned.

### Findings of Fact

1. The Summons and Complaint was duly served on the Defendant.
2. The Defendant has failed to answer or otherwise respond to Plaintiff's Summons and Complaint within the time allowed by the applicable rules, or otherwise.

### Conclusions of Law

1. Plaintiff's debts to the Defendant, as identified in Plaintiff's Complaint, are dischargeable.

Dated: _____

                                                              _____
                                                              Judge of Bankruptcy Court

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that

1. Plaintiff's debts to the above-named Defendant, as identified in Plaintiff's Complaint, are discharged.

Dated: _____

_____
Judge of Bankruptcy Court